IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WILSON THEODORE, et al.,

    Plaintiffs,

v.                                                     Civil Action No. 2:24-cv-224

EQUIFAX INFORMATION SERVICES, LLC,

    Defendant.

## **ORDER**

The Settlement Agreement has been filed with the Court (ECF 31-1) and the definitions and terms set forth in the Settlement Agreement are incorporated herein by reference.

The Court, having reviewed the Settlement Agreement entered by the Parties, hereby Orders that:

    1.    The Court has considered the proposed settlement of the claim asserted under the Fair Credit Reporting Act ("FCRA") by a class of consumers defined as follows (the "Settlement Class"):

> U.S. consumers who have a Pink Energy Loan reported on their Equifax credit file at any time during the Class Period.

The Settlement Class does not include Equifax's officers, directors, and employees; Equifax's Counsel; Plaintiffs' Counsel; or any employee of the Federal Judiciary or their immediate families and judicial staff.

    2.    The Settlement Agreement entered between the parties as of December 6, 2024 (ECF 31-1), appears, upon preliminary review, to be fair, reasonable, and adequate to the Settlement Class. Accordingly, for settlement purposes only, the proposed settlement is preliminarily approved, pending a Final Approval Hearing, as provided for herein.

3. The prerequisites to a class action under Fed. R. Civ. P. 23(a) and 23(e) have been preliminarily satisfied, for settlement purposes only, in that:

(a) The Settlement Class consists of more than 100 members that are geographically dispersed such that joinder of all members is impracticable;

(b) the claims of the Settlement Class Representatives are typical of those of the other members of the Settlement Class;

(c) there are questions of fact and law that are common to all members of the Settlement Class; and

(d) the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class and has retained Class Counsel experienced in consumer class action litigation who have and will continue to adequately represent the Settlement Class.

4. For settlement purposes only, the Court finds that this action is preliminarily maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Equifax's alleged conduct is generally applicable to the Settlement Class, so that final injunctive relief as set forth in Section IV of the Settlement Agreement is appropriate respecting the Class as a whole.

5. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, then the Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

6. The Court appoints Wilson Theodore and Lashanda Theodore as the Class Representatives. The Court also appoints Leonard A. Bennett and Thomas D. Domonoske of Consumer Litigation Associates, P.C.; and Kristi Kelly, Andrew Guzzo, Casey Nash, and Patrick McNichol of Kelly Guzzo, PLC; as counsel for the Settlement Class ("Class Counsel").

7. The Court appoints American Legal Claim Services LLC as the Settlement Administrator.

8. The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on June 17, 2025 *(at least 100 days after entry of Preliminary Approval Order)* at the United States District Court, Eastern District of Virginia, at the Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, at 10:00 a.m. (time) for the following purposes:

(a) To determine whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

(b) To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement;

(c) To consider the application of Class Counsel for an award of attorneys' fees, costs, and expenses, and for a service award to the class representative; and

(d) To rule upon other such matters as the Court may deem appropriate.

9. (a) The Settlement Administrator, American Legal Claim Services LLC, shall implement the agreed-upon Notice Plan in accordance with Section V of the Settlement Agreement. To the extent the Parties or Settlement Administrator determine that ministerial changes to the Notices are necessary before disseminating either to the Settlement Class Members, they may make such changes without further application to the Court.

3

(b) Not later than forty-five (45) days before the Final Approval Hearing, the Settlement Administrator will cause a declaration to be filed with the Court that the Notice described above was given as required herein.

10. As a proposed Fed. R. Civ. P. 23(b)(2) certification and settlement, the Court finds this manner of giving notice satisfies the requirements of Fed. R. Civ. P. 23 and due process and is appropriate and reasonable under the circumstances, including its use of e-mailed notice and online website notice.

11. As this is a Settlement for injunctive relief under Fed. R. Civ. P. 23(b)(2), there shall be no ability for Settlement Class Members to request exclusion from the Settlement. All Settlement Class Members shall therefore be bound by all subsequent proceedings, orders, and judgments in this action.

12. (a) Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, and/or who wishes for any objection to be considered, must file a written notice of objection to be filed with the Court no later than ninety (90) days following entry of this Order. Notwithstanding this deadline, objections solely as to attorneys' fees or costs may be made no later than seven (7) days after the filing of a motion for the award of attorneys' fees or costs, whether separately or as part of the Motion for Final Approval.

Copies of all objections also must be served electronically via the Court's ECF system or mailed, postmarked no later than by the date due, to each of the following: Leonard A. Bennett, Consumer Litigation Associates, 763 J Clyde Morris Boulevard, Suite 1A, Newport News, Virginia 23601; and Zachary A. McEntyre, King & Spalding LLP, 1180 Peachtree Street, N.E., Atlanta, GA 30309.

(b)     The objection must include the following: (1) the case name and number of this action; (2) the objector's name, address, and telephone number; (2) a sentence stating that, to the best of his or her knowledge, he or she is a member of the Settlement Class; (3) if the objecting Settlement Class Member is represented by an attorney, or received assistance from an attorney in drafting his or her objection, the name, address, and telephone number of the attorney; (4) a statement of whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (5) a statement of the specific grounds for the objection; and (6) a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel. Any Settlement Class Member who fails to timely file and serve a written objection substantially and materially in conformance with the terms of this paragraph shall not be permitted to object to the approval of the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

13.     No later than ten (10) business days prior to the Final Approval Hearing, Class Counsel shall prepare and file with the Court, and serve on Defendant's counsel, a list of all persons who have timely objected to the settlement and all documents relating to the objections.

14.     No later than 100 days after entry by the Court of a Preliminary Approval Order, Settlement Class Representatives shall file a motion seeking final approval of the Settlement and entry of a Final Approval Order and Judgment and any motion or included request for attorneys' fees or a service award.

14.     Neither this Preliminary Approval Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the

Released Claims. This Preliminary Approval Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendant or any of the Released Parties. The preliminary approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiffs, the Settlement Class Members, or the Defendant.

15. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

It is SO ORDERED.

/s/ *[signature]*

Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: February 19, 2025