UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**WILSON THEODORE, et al.,**

     **Plaintiffs,**

**v.**                                    **Case No.: 2:24-cv-224**

**EQUIFAX INFORMATION SERVICES, LLC,**

     **Defendant.**

## ORDER

Before the Court is Plaintiffs' Motion to Compel Compliance with Rule 45 Subpoena Served on Non-Party Sunlight Financial, LLC, and memorandum in support ("the Motion"). ECF Nos. 49–50. Plaintiffs in this class action lawsuit have reached a preliminary settlement agreement with Defendant Equifax Information Services, LLC ("Equifax"). ECF No. 35. As part of that settlement, the parties will need to notify putative class members of the case and its proposed resolution. ECF No. 50 at 4. To do so, they require the identification of consumers who received Pink Energy loan financing thorough, *inter alia*, Sunlight Financial, LLC ("Sunlight"), and therefore they issued a subpoena under Federal Rule of Civil Procedure 45 ("the Subpoena") to obtain the personal identified information ("PII") of such individuals. *Id.* at 1. Sunlight objected to the discovery request but offered as a compromise to provide this PII directly to Equifax, only. *Id.* at 4.

Federal Rule of Civil Procedure 45(d)(2)(B)(i) permits the party serving the subpoena to "move the court for the district where compliance is required for an order compelling production or inspection." By their Motion, Plaintiffs seek to compel Sunlight to comply with the Subpoena by providing them with "an electronic file listing each Pink Energy customer whose loan was

facilitated by Sunlight during the Settlement Class Period, including the fields set out in the subpoena, with SSN and DOB delivered only to Equifax under the existing Protective Order." ECF No. 50 at 6–7. The subpoena itself requested the following information:

> For any loan made to a consumer related to a Power Home, LLC, (also known as Pink Energy) residential solar power transaction, the documents that will show the consumer's name, physical address, email address, and date of loan, name of initial lender, names of any assignee to whom the credit contract was assigned at any time, and names of any known servicers. Documents here include both physical documents and electronic information of any kind. A spreadsheet with the above information in columns would be considered a complete response.

ECF No. 50, attach. 1 at 7. In its opposition to Plaintiffs' Motion, Sunlight objects to this request, and offers instead to provide any PII only to Equifax. ECF No. 51 at 11. Sunlight also argues that Plaintiff's Motion "actually increases the informational demands upon Sunlight" beyond those made in the subpoena by requesting "private information such as social security numbers." *Id.* at 10. Plaintiffs filed a reply. ECF No. 52. Accordingly, this matter is ripe for disposition.

In sum, Plaintiffs seek to compel Sunlight to produce client information that will help it determine which lender facilitated the loan of each member of the settlement class. ECF No. 50 at 1. They also request that Sunlight provide class members' social security numbers and date-of-birth identifiers to Equifax, directly, even though that information was not requested in the Subpoena. ECF No. 50 at 2; ECF No. 50, attach. 1 at 7. They recognize that "[t]he Bankruptcy Trustee produced an initial list sufficient for notice, but it does not identify which consumers were financed through Sunlight or includ[e] SSNs/DOBs." ECF No. 50 at 2. They claim that producing the requested data solely to Equifax would prevent them from administering the class settlement and ensuring compliance. *Id.* at 4.

To administer the settlement, Plaintiffs may need to know which class members obtained a Pink Energy loan facilitated by Sunlight. ECF No. 52 at 4 ("[T]o best assist those class members,

2

we need to know what many do not—who has your Pink Energy loan."). But if Sunlight provides Plaintiffs with a list of the names of Pink Energy customers whose loans they facilitated pursuant to the subpoena, while also producing additional information—including social security numbers and date-of-birth identifiers—solely to Equifax, then Plaintiffs' administrative needs will be met, and any potential burden on Sunlight will be minimized. Moreover, the Court cannot compel Sunlight to produce information not requested in the original Subpoena, even if that information is produced directly to Equifax and not Plaintiffs. *See* Fed. R. Civ. P. 45(d)(2). Therefore, for the reasons explained below, the Court **GRANTS IN PART** Plaintiffs' Motion to Compel Compliance with Rule 45 Subpoena and **ORDERS** Sunlight to produce to plaintiffs only the names of the class members whose Pink Energy loans they facilitated during the settlement class period. The Court overrules Sunlight's objections to providing Plaintiffs with the names of the relevant class members, only.[1]

Sunlight's arguments can be dispensed with briefly. First, Sunlight argues that producing this information imposes an undue burden on Sunlight. ECF No. 51 at 5–6. Inasmuch as Sunlight is offering to produce PII to Equifax only, producing merely the names of the consumers to Plaintiffs cannot be said to create any unreasonable burden. *See id.* at 3 (offering to provide the requested PII to Equifax directly). Relatedly, although Sunlight also argues that the subpoena would require it to "create" records, *id.* at 8, 11, the fact again that it is prepared to download this data to provide it to Equifax belies this argument. This objection is therefore overruled.

Second, Sunlight argues that Plaintiffs cannot show they "need" the list of Pink Energy customers. *Id.* at 6–7. The parties proposed settlement agreement requires that the putative class

---

[1] Rule 45 requires that the Court, in issuing an order to comply with a subpoena, "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. 45(d)(2)(B)(ii). The Court finds that producing the names of the relevant class members will both allow Plaintiffs to gather the information they seek and protect Sunlight from burdensome compliance.

members be notified of the litigation and proposed resolution. ECF No. 31, attach. 1 at 12. Depriving Plaintiffs of at least the names of the proposed class members whose Pink Energy loans they facilitated prevents them from obtaining any assurance that the proposed class members have, in fact, been notified. Consequently, this objection is overruled.

Third, Sunlight claims the requested information infringes on its confidentiality and business interests. ECF No. 51 at 8–11. In short, it appears Sunlight is concerned that Plaintiffs' counsel will use this information to recruit clients for a new lawsuit against Sunlight. *Id.* at 8. Regardless of the validity of any such concerns—and the Court makes no determination whatsoever as to whether this constitutes a legitimate concern requiring the sequestration of this information—Plaintiffs' counsel are entitled to the names of the class members they represent as class counsel. Depriving counsel of this information is therefore unwarranted, and this objection is overruled.

Having overruled all of Sunlight's objections regarding the production of the names of the relevant class members, the Court **ORDERS** Sunlight to Produce to Plaintiffs, within fourteen days of the date of this Order, the names of all putative class members, i.e., those consumers who received Pink Energy loan financing thorough Sunlight Financial, LLC, during the settlement class period.[2, 3]

---

[2] The Court makes this ruling with the understanding that Sunlight will produce the additional information sought to Equifax directly, given the parties' explanation of their previous compromise. ECF No. 51 at 9 ("Sunlight is willing to honor the original deal to produce the data only to Equifax, subject to a mutually agreed confidentiality agreement between Equifax and Sunlight or a judicial protective order). But Federal Rule of Civil Procedure 45 does not allow the Court to compel Sunlight to produce information that was not listed in the Subpoena without a motion to modify the Subpoena, and the Subpoena itself says nothing of the class members' dates of birth or social security numbers. ECF No. 50, attach. 1 at 7.

[3] Should Sunlight decide not to stand by its previous proposal to provide the remaining PII to Equifax, then the Court will entertain from Plaintiffs a Motion to Reconsider which requests an Order that Sunlight provide to Plaintiffs all of the information sought by the Subpoena.

Plaintiffs have requested attorneys' fees in connection with their Motion, citing Federal Rule of Civil Procedure 45(d)(1). ECF No. 50 at 6.[4] Federal Rule of Civil Procedure 45(d)(1) authorizes the Court to award "reasonable attorney's fees . . . on a party or attorney who fails" to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." But in this case, the party issuing the subpoena and moving to compel a response is the party requesting attorney's fees, rendering that specific rule inapplicable.

The case Plaintiffs cite in support of their request for attorney's fees, *Spendlove v. RapidCourt, LLC*, No. 3:18-CV-856, 2019 WL 7143664, at *10 (E.D. Va. Dec. 23, 2019), does not cite Rule 45, and instead deals with a request for attorney's fees promulgated pursuant to Federal Rule of Civil Procedure 37. Plaintiffs cite Rule 37(a) in their Motion. ECF No. 50 at 1. Some district courts "apply the fee-shifting provisions of Rule 37 to disputes arising under Rule 45." *Byte Fed., Inc. v. Lux Vending LLC*, No. 8:23-CV-102, 2024 WL 1912950, at *6 (M.D. Fla. May 1, 2024) (collecting cases). Even if the Court took that approach here, it would not award attorney's fees because it has only granted the Motion in part. Therefore, Plaintiffs' request for attorneys' fees is **DENIED**.

The Clerk is **DIRECTED** to forward this Order to all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

June 26, 2025
Norfolk, Virginia

---

[4] Federal Rule of Civil Procedure 45(d)(2)(B)(ii) requires that the Court's order on a motion to compel compliance with a subpoena "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Plaintiffs are not complying with the subpoena, they are seeking its enforcement, so this rule is also inapplicable to their request for fees. Federal Rule of Civil Procedure 45(g) authorizes the Court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." The Court finds this rule inapplicable, especially because Plaintiff does not dispute that Defendant timely objected to the Subpoena.